UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    Barbara Falatico-Brodock,

                                 Debtor.

Case No. 24-60308
Chapter 11

APPEARANCES:

Sari Blair Placona, Esq.
Anthony Sodono, III, Esq.
McManimon Scotland & Baumann, LLC
*Attorneys for the Debtor*
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068

Lisa M. Penpraze, Esq.
*Assistant United States Trustee*
Leo O'Brien Federal Building
11A Clinton Avenue, Room 620
Albany, New York 12207

Mark J. Schlant, Esq.
*Subchapter V Trustee*
1600 Maine Place Tower
350 Main Street
Buffalo, New York 14202

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Currently before the Court is the first interim fee application ("Fee App") of McManimon Scotland & Baumann, LLC ("MSB"), attorneys for Barbara Falatico-Brodock (the "Debtor"). The United States Trustee ("UST") objects to the Fee App. The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1]

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2025) (the "Bankruptcy Code").

-1-

# FACTS

The Debtor commenced this Chapter 11 case by filing a "barebones" petition under Subchapter V on April 21, 2024 after which Mark J. Schlant, Esq. was appointed Trustee. (ECF Nos. 1 & 4). Due to the Debtor's residence, her case was initially assigned to the Honorable Patrick G. Radel. On June 17, 2024, the Debtor confirmed that she would be pursuing a matter which led to Judge Radel recusing himself. (ECF Nos. 34–35). The case was reassigned to Chief Judge Wendy A. Kinsella. (ECF No. 37). On June 18, 2024, the Debtor indicated a potential conflict existed for Chief Judge Kinsella. (ECF No. 39). On July 18, 2024, after hearings in this case, Chief Judge Kinsella recused herself and the matter was reassigned to this Court. (ECF Nos. 53 & 56).

Also on July 18, 2024 the Debtor requested an extension to October 22, 2024 to file her Subchapter V plan. (ECF No. 50). She argued that more time was needed "to allow time for litigation and resolution of [an adversary proceeding]." *Id.* On July 19, 2024 this Court scheduled the motion for an Albany hearing date, August 14, 2024. (ECF No. 58). On August 7, 2024 the UST objected arguing the Debtor failed to establish a basis for the extension of time especially when she chose to file this proceeding as a Subchapter V. *Id.* The motion to extend time was adjourned and on September 10, 2024 this Court denied the Debtor's request. (ECF No. 81).

On August 30, 2024 MSB filed the Fee App seeking $65,513.00 in fees and $507.07 in expenses from April 21, 2024 to August 15, 2024. (ECF No. 76). On September 18, 2024 the UST objected. (ECF No. 82). On September 24, 2024 MSB filed a reply to the UST's objection. (ECF No. 88).

The original deadline to file the plan was July 20, 2024.[2] On September 27, 2024 the Debtor filed a Subchapter V plan. (ECF No. 91). Since the timely filing of a Subchapter V plan had elapsed, on December 13, 2024, this Court issued an Order to Appear and Show Cause why the case should not be dismissed for failure to timely file a plan. (ECF No. 112) The show cause further provided, "[t]he hearing will be rendered moot if the Debtor voluntarily removes the Subchapter V designation, converts or dismisses the case prior to January 2, 2025." *Id.* On December 24, 2024 the Debtor's amended the designation to a standard Chapter 11 proceeding. (ECF No. 115).

**ARGUMENTS**

The UST's objection is simple and states:

(1) the Applicant has not adequately demonstrated that the tasks performed were 'reasonable' or 'necessary; (2) the Applicant has not explained why they tasked two attorneys to attend each court hearing, 341 meeting, and other hearings; (3) the billing records contain impermissible block billing; and (4) the Applicant separately billed for overheads.

(ECF No. 82).

MSB maintains that all work done was actual, necessary and benefitted the estate. (ECF No. 88). They contend the litigation work done was necessary to facilitate the plan. MSB further argues it was appropriate for two (2) attorneys to attend the § 341 meeting of creditors. They conclude by arguing the overheads were properly billed. *Id.*

---

[2] The deadline for the filing of a subchapter V is contained in 11 U.S.C. § 1189 which states in pertinent part:

> The debtor shall file a plan not later than 90 days after the order for relief under this chapter [11 USCS §§ 1101 et seq.], except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.

11 U.S.C. § 1189.

# DISCUSSION

This Court has reviewed many fee applications but cannot recall one where the fees requested were so at odds with the results achieved. When a fee application is filed:

> Under Section 330(a), the applicant bears the burden of proof on its claim for compensation. This burden is not to be taken lightly, especially given that every dollar expended on legal fees [usually] results in a dollar less that is available for distribution to the creditors . . . . Even in the absence of an objection, the bankruptcy court has an independent duty to review fee applications to protect the estate. . . pursuant to this duty hours that are 'excessive, redundant, or otherwise unnecessary, are to be excluded . . . the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'

*In re Norwich Roman Catholic Diocesan Corp.*, Case No. 21-20687, 2023 Bankr. LEXIS 2579, at *7-8 (Bankr. D. Conn. Oct. 19, 2023) (internal citations omitted).

In this Circuit, a presumptively reasonable fee award is determined by utilizing a modified lodestar approach which includes in its analysis the twelve relevant factors originally enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) ("*Johnson* factors").[3] *See, e.g.*, *Gortat v. Capala Bros.*, 621 F. App'x 19, 22 (2d Cir. 2015) (reviewing an attorneys' fee award under the Lodestar approach and the *Johnson* factors). The Second Circuit explains:

> We think the better course -- and the one most consistent with attorney's fees jurisprudence -- is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific variables. . . The reasonable hourly rate is

---

[3] The twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Shepherd v. Law Offs. of Cohen & Slamowitz, LLP*, Case No. 08 CV 6199, 2010 U.S. Dist. LEXIS 125224, at *6 n.3 (S.D.N.Y. Nov. 24, 2010) (citing *Johnson*, 488 F.2d at 717-19).

> the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors. . . The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).

### I.     The Reasonable Hourly Rate.

Generally, when determining a reasonable hourly rate, a court considers "the prevailing rates in the district in which the court sits." *Polk v. New York State Dep't of Correctional Servs.*, 722 F.2d 23, 25 (2d Cir. 1983) (finding that "the rate prevailing in the appropriate community is only one of many factors bearing on determination of a fee award").

For the purposes of this decision, Anthony Sodono, III, bills at $695.00[4], Sari B. Placona bills at $475.00 and Nicholas J. Loiodice bills at $280.00, per hour. Paraprofessionals are billed at $190.00 to $275.00 per hour. The hourly attorney rates are reasonable.[5] The same cannot be said for the hourly billing rates for paraprofessionals. This Court will approve $190.00 per hour for

---

[4] These are the billing rates included in MSB's retention application. (ECF No.11 ). On June 1, 2024 MSB began billing attorneys at the following increased rates: Anthony Sodono, III, Esq. - Partner $725.00; Sari Placona, Esq. Partner $525.00; Nicholas Loiodice, Esq. Associate $320.00; Diane Perrotta Legal Assistant $275.00 and Stacy Lipstein Legal Assistant $275.00. MSB admits they did not notify the Court or the UST of the increase billing rates until October 2, 2024. (ECF No. 92). The Order authorizing MSB's retention specifically states "the Debtor is authorized to employ MS&B, as her counsel, on the terms and conditions set forth in the Application and Declaration effective as of April 21, 2024. . . . (ECF No. 25). Thus, MSB will be paid at the retention application rate from the inception of the case to the date of the notification of the increased billing rates (October 2, 2024).

[5] The following are examples of hourly rates for attorneys approved by this Court: *In re Interstate Commodities, Inc.*, Case No. 20-11139 (from $250.00 to $750.00); *In re Good Samaritan Lutheran Health Care Center, Inc. and Kenwood Manor, Inc.,* Case No. 19-12215 (the senior attorney discounted the 2020 hourly rate from $965.00 to $820.25).

"non-legal" work as this amount is comparable to paraprofessional fees awarded in Chapter 11 cases in this district.[6]

## II.     The Hours Reasonably Expended.

Once the reasonable hourly rate is determined, the Court must decide the appropriate amount of time spent on a matter while "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. Additionally, "[i]n determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours. . . ." *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 17-cv-8987, 2022 U.S. Dist. LEXIS 25036, at *34 (S.D.N.Y. Feb. 9, 2022) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

MSB claims a total of 150.30 hours from April 21, 2024 to and through August 15, 2024. (ECF No. 76). Yet this Fee App was filed after the Debtor failed to timely file her Subchapter V plan. The UST objected to the Debtor's request to extend time to file her plan stating:

> The Debtor's primary basis for the request for an extension is that she 'requires additional time to formulate her Plan based on upon the pending Adversary Proceeding, the outcome of which will have a direct impact on the Plan'. . .
>
> [I]t is not reasonable to expect years' worth of contentious litigation could be resolved within the expedited process contemplated by the Small Business Reorganization Act of 2019.
>
> Moreover, the Debtor had knowledge, prior to filing this case and electing to proceed under Subchapter V, that a successful reorganization would potentially require more litigation within her bankruptcy case. . . .
>
> The Debtor now requests that a Bankruptcy Court Judge effectively adjudicate a divorce proceeding that has been pending for years, in a matter of months. This is not in good faith and constitutes a misuse of the Subchapter V process.

---

[6] *See, e.g.*, *In re AH Development,* Case No. 23-10387 (average $125.00) and *In re Central Parkway,* Case No. 23-30367 (average $157.50).

(ECF No. 73). This Court agreed and denied the Debtor's request. (ECF No. 81). On September 27, 2025, despite this Court's decision, MSB filed a "Chapter 11 (Subchapter V) . . . Combined Plan of Reorganization and Disclosure Statement." (ECF No. 91).

### A. Reasonable and Necessary

Of the 150.3 hours billed by MSB, 70.1 hours were attributed to "litigation" and 48.8 hours were spent on "case administration."[7] (ECF No. 82 at 4). This Court has carefully reviewed the Fee App and finds numerous requested fees excessive, as many actions undertaken were not reasonable or necessary and did not benefit the estate.

Recently, Bankruptcy Judge Robert Grossman issued a sweeping decision where he denied[8] an entire fee application (but granted expenses) based upon debtor's attorneys' handling of the case. In his highly persuasive decision, Judge Grossman makes clear the responsibilities of Chapter 11 counsel:

> As stated in § 330(a)(4), this court 'shall not allow compensation for . . . services that were not reasonably necessary to benefit the debtor's estate.' 'Estate' is not synonymous with 'debtor'. [The Firm's] assistance . . . . provided no benefit to the estate in terms of helping to formulate a reorganization or liquidation plan to emerge from bankruptcy. . . .
>
> Clearly, the filing of this bankruptcy case benefited the Debtor in that it obtained a stay of state court proceedings that it could not otherwise have obtained in state court. However, a benefit to the estate would require some possibility of a successful liquidation or reorganization. . . .There was no viable strategy here to confirm a plan for the benefit of creditors. . . .

*In re Home Bldg. Corp.*, Case No. 24-72229, 2025 Bankr. LEXIS 72, at *17-19 (Bankr. E.D.N.Y. Jan. 17, 2025) (internal citations omitted). It is within that framework this Court

---

[7] MSB categorizes the remaining 31.4 hours as: Claims Administration and Objection, Fee/Employment Applications; Plan and Disclosure Statement; Relief from Stay Proceedings and Meeting of Creditors (341). (ECF No. 76).

[8] Here the facts are worse than those before Judge Grossman because in that case the debtor timely filed a plan; here she did not.

Case 24-60308-6-rel    Doc 151    Filed 03/10/25    Entered 03/10/25 13:56:56    Desc
Main Document         Page 8 of 15

reviews MSB's Fee App.

### 1. April 21, 2024 – April 30, 2024

The initial time entry requests 1.1 hours spent for a total amount of $231.00. (ECF No. 76 Ex. A). The services performed include: "[p]reparation of correspondence to [State Court Judge] advising of the petition filing; telephone call to court to ascertain divorce proceeding case information and proper method of delivery of notice to Judge."[9] *Id*. It should not take more than 0.4 hours to draft and send a letter to a state court judge advising of a bankruptcy filing. Thus, the time for this task is reduced to 0.4 hours.[10]

The next two (2) entries also deal with advising the state court of the bankruptcy filing. These are disallowed as being duplicative. Likewise, the two (2) entries, "Email Judge Merril re: status of filing" and "Revise letter to court staying action," are denied as excessive and duplicative.

Next, there are numerous fees incurred for the preparation of the motion to retain MSB as counsel to the Debtor as well as for a motion seeking to employ an accountant. In its application to employ, MSB indicates Attorney Placona has "considerable experience and knowledge in the field of debtors' and creditors rights. . . ." (ECF No 11-1). In addition, Attorney Sodono "served as an Assistant United States Trustee . . . [in Region 3]. He supervised every large Chapter 11 case for the State of New Jersey from 1999 through 2006." *Id*. With these qualifications, the Court questions the amount of time billed for certain tasks.

MSB's experience in Chapter 11 proceedings supports this Court's determination that the amount of time billed for many tasks is excessive. An example of this is MSB's retention application. The Court will grant 1.5 hours per application (totaling 3 hours) and all other fee

---

[9] This entry is an example of lumping which, as will be discussed, is common throughout the Fee App.

[10] Due to the number of time entries, the Court will only address the ones that stand out as problematic. Adjustments for lumping and vagueness will also be made.

requests regarding the two (2) retention applications are denied. The remaining miscellaneous requests are granted except for the April 29 and April 30, 2024 entries for ordering and reviewing a judgment search as this Court cannot determine their benefit to the estate.[11]

### 2. May 1, 2024 – May 31, 2024

On May 15, 2024 MSB communicated with the Debtor regarding her "Florida Home." This is denied as vague. From May 16, 2024 to May 21, 2024, MSB seeks 2 hours totaling $923.00 for matters that are not properly billed to the bankruptcy estate. These include 1 hour to "Research statutory cite to lis pendens in NY & length remains in effect" as well as drafting a "memo to client re lis pendens" *Id*. The remaining requests regarding the "lis pendens in NY" are denied. As with the previously mentioned entries, the Court cannot determine these activities are reasonable and necessary for the bankruptcy estate.

From May 1 through May 14, 2024 there are several entries for Attorney Nicholas Loiodice totaling 11.7 hours. These include requests on May 7 and 8, 2024 where 2.5 hours were attributed to the preparation of a motion to continue utilities. A review of the docket does not indicate a motion to continue utilities was filed; those hours are denied.

Also, from May 1 to May 14, 2024 there are four (4) entries regarding a motion to maintain existing bank accounts. The requested 3.8 hours is excessive. The Court grants 1.5 hours for this task as there was nothing unexpected in that motion. On May 13 and 14, 2024 there are fee requests for "preparation of first day declaration" and "continue preparation of first day declaration." *Id*. The 2.9 hours requested are approved as are the 2.4 hours for preparation of the adversary complaint.

---

[11] Total fees of $2,916.00 are approved for the period April 21, 2024 through April 30, 2024, broken down as follows: (1) 3.5 hours for Attorney Loiodice at $210.00/hour for a total of $735.00; (2) 3.1 hours for Attorney Placona at $475.00/hour for a total of $1,472.50; (3) 0.5 hours for Attorney Sodono at $695.00/hour for a total of $347.50; and (4) 1.9 hours for paraprofessionals at $190.00/hour for a total of $361.00.

Next, throughout May 2024 there are entries totaling 10.8 hours for preparation and filing of the Debtor's schedules. This is excessive. A review of the documents filed on May 13, 2024 does not support a 10.8 hour request. (ECF No. 18). The schedules appear standard and this Court approves 5.5 hours for their preparation, review and filing. All other fees requested for the preparation, review, amendment or other actions regarding the Debtor's schedules are denied.

There are numerous time requests in May 2024 attributable to Attorney Placona for various matters totaling 9.8 hours.[12] After review, this Court determines that of those hours requested, 5.5 hours are granted as being reasonable and necessary for the miscellaneous tasks.

As noted, the Court finds it excessive for two (2) attorneys to bill for attending the §341 meeting of creditors. On May 22, 2024 both Attorney Placona and Attorney Sodono billed for their attendance at the hearing. The Court grants the request of Attorney Sodono for $973.00. The remaining request for fees for May 2024 will be approved[13] but reduced for technical but significant deficiencies such as lumping[14] and vagueness.[15]

**3. June 1, 2024 – June 20, 2024**

There are several time entries in June 2024 that do not seem to pertain to the bankruptcy proceeding and therefore are disallowed. These are: a June 14, 2024 entry, "Telephone call to B.

---

[12] The miscellaneous matters include reviewing schedules; telephone with the Debtor regarding the initial debtor interview; reviewing filed claims.

[13] Total fees of $9,141.00 are approved for the period May 1, 2024 through May 31, 2024, broken down as follows: (1) 6.8 hours for Attorney Loiodice at $210.00/hour for a total of $1,428.00; (2) 7.6 hours for Attorney Placona at $475.00/hour for a total of $3,610.00; (3) 4.4 hours for Attorney Sodono at $695.00/hour for a total of $3,058.00; and (4) 5.5 hours for paraprofessionals at $190.00/hour for a total of $1,045.00.

[14] Examples of lumped entries in May 2024 include: 5/21/2024 0.9 hours – "Continue working on authorization, Drafted Notice of Motion, Drafted SBP's Declaration, ISO Motion for 2004." (ECF No. 76, Ex. A at 5). In addition, on May 22, 2024 requested fees "In preparation of 341(a) Meeting of Creditors, review first-days and Adirondack bank debts, loans, pension issues."

[15] Examples of vague May 2024 entries include: May 9, 2024 an hour request for "Revise schedules" as well as May 20, 2024 entry "Call with client re status" and a May 28, 2024 entry for "Call with N Ricki and client re status."

Brodock . . . re auto payments," a June 15, 2024 entry, "Email client re car payment," a June 18, 2024 entry, "Revised trust memo to incorporate supervising atty's edits," a June 19, 2024 request for "Review letter from Devendorf to Judge Merrel re property" and two (2) June 24, 2024 entries for communications with "Craig" and "Craig's lawyer" regarding "property" and "status." These entries are vague. The Court cannot discern how these activities benefitted the estate. Therefore, they are not reasonable or necessary and will not be allowed.

Next, in June 2024 Attorney Sodono requests 5.3 hours for reviewing all the pleadings prepared by Attorney Loiodice. In addition, Attorney Sodono requests 5.6 hours for reviewing the adversary complaint. These amounts are excessive, especially since Attorney Loiodice spent significant time on these projects and they are neither overly complex nor novel. Therefore, the Court approves 2.8 hours for reviewing the pleadings and 1.5 hours to review and revise the adversary complaint. The fees awarded[16] will be further reduced in consideration of lumping[17] and vagueness.[18]

### 4. July 1, 2024 – July 30, 2024

#### a. Plan Preparation

On July 10, 2024, 3.9 hours were attributed to drafting and revising the Subchapter V plan. There is also an entry on July 12, 2024 requesting an additional 3.7 hours for plan preparation.

---

[16] Total fees of $11,126.00 are approved for the period June 1, 2024 through June 30, 2024, broken down as follows: (1) 3.6 hours for Attorney Loiodice at $210.00/hour for a total of $756.00; (2) 13.9 hours for Attorney Placona at $475.00/hour for a total of $6,602.50; (3) 4.3 hours for Attorney Sodono at $695.00/hour for a total of $2,988.50; and (4) 4.1 hours for paraprofessionals at $190.00/hour for a total of $779.00.

[17] Examples of lumping in June 2024 fee requests include a June 17, 2024 entry "Call with client and A Sodono re judge recusal and pending adversary." Also, a June 18, 2024 entry "Communicate with Sari B. Placona re complaint against Gilroy and conflict issues." (ECF No. 76, Ex. A).

[18] Examples of vagueness in June 2024 fee requests include: a June 18 and a June 20, 204 entries "Revise complaint." Also, a June 26, 2024 entry, "Call with client re Craig status." *Id*.

-11-

MSB billed the estate 7.6 hours for plan preparation yet failed to timely file same. The requests for plan preparation are denied as they did not benefit the estate.

### b. Motion to Extend Time to File Plan

On July 15, 2024 MSB began to prepare the motion to extend time for the Debtor to file her plan. From that date until August 1, 2024, there are nine (9) entries regarding the motion totaling 5.8 hours. These requests are denied. As with the fees requested for plan preparation, the hours utilized did not benefit the estate.

On July 18, 2024 there are two (2) entries regarding the motion to extend totaling $340.00. On July 19, 2024 there is another request for fees for the motion to extend in the amount of $362.50. Finally, there is the July 25, 2024 entry for $75.00. These did not benefit the estate and therefore they are denied.

As noted earlier, Attorney Sodono and Attorney Placona have several requests for fees which are duplicative. Both attorneys reviewed and appeared at the § 341 meeting of creditors. This Court does not, absent unusual circumstances which do not exist here, approve remuneration for two (2) attorneys attending the same hearing. Thus, the Court grants the $973.00 request of Attorney Sodono. The fees awarded[19] will be further reduced in consideration of lumping[20] and vagueness.[21]

---

[19] Total fees of $7,751.50 are approved for the period July 1, 2024 through July 31, 2024, broken down as follows: (1) 0.3 hours for Attorney Loiodice at $210.00/hour for a total of $63.00; (2) 10.4 hours for Attorney Placona at $475.00/hour for a total of $4,940.00; (3) 3.9 hours for Attorney Sodono at $695.00/hour for a total of $2,710.50; and (4) 0.2 hours for paraprofessionals at $190.00/hour for a total of $38.00.

[20] Examples of lumping in July 2024 include: a July 10, 2024 request: "Communicate with Usher re discontinue business operations; draft letter memo; discuss with Michele M. Dudas and Sari B. Placona." Also on July 10, 2024 there is an entry : "Review Adversary Complaint, petition and accompanying schedule to assist in drafting Ch. 11 Sub V reorganization plan.

[21] Examples of vagueness in July 2024, include: a July 1 2024 entry "Call with client re status." In addition, a July 2, 2024 entry "Review 2022 tax return."

### 5. August 1, 2024 – August 15, 2024

On August 1, 2024 there is a requested fee of $575.00 for work "on opposition to the motion to dismiss & objection to motion to extend time." On August 5, 2024 there is a request by Attorney Sodono for $2,610.00 for "Work on and draft opposition to motion to dismiss and certification/extend time and dismiss adversary." *Id.* On the same day, Attorney Sodono requested 1.2 hours for a call to discuss the motion with the Debtor. The Court finds these requests excessive. This Court has already approved numerous hours in connection with the adversary complaint. While it is always beneficial for a supervising attorney to review pleadings, considering the time requested it may have been less costly for Attorney Sodono to have prepared the adversary complaint himself. The Court will grant 1.5 hours for reviewing the pleadings that were prepared by an associate attorney.[22]

### III. Vague and Lumped Entries

As noted, the Fee App is replete with vague and lumped entries. The Second Circuit has upheld across-the-board percentage cuts of 50% for vague billing entries, *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64-65 (2d Cir. 2014), and 30% for fee applications that included block billing issues. *Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015); *see also Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 619-620 (E.D.N.Y. 2017) (collecting district court cases applying 30% to 40% percentage reductions for such billing issues).

---

[22] Total fees of $4,538.50 are approved for the period August 1, 2024 through August 15, 2024, broken down as follows: (1) 0 hours for Attorney Loiodice; (2) 6.2 hours for Attorney Placona at $475.00/hour for a total of $2,945.00; (3) 1.5 hours for Attorney Sodono at $695.00/hour for a total of $1,042.50; and (4) 2.9 hours for paraprofessionals at $190.00/hour for a total of $551.00.

### A. Vagueness

It is appropriate for this Court to disallow vague entries because billing records can be "too vague to sufficiently document the hours claimed." *Kirsch*, 148 F.3d at 172. Vague entries are those that lack sufficient specificity to enable a court "to assess what tasks were completed." *Riley v. City of N.Y.*, Case No. 10-cv-2513, 2015 U.S. Dist. LEXIS 173377, at *4 (E.D.N.Y. Dec. 31, 2015). Such entries can prevent courts from determining "whether that work was a reasonable expenditure of the attorneys' time," *id.*, or "rather, unreasonable because the claimed hours are excessive, redundant of earlier work. [etc] . . ." *E.g., id.*; *Mawere v. Citco Fund Servs., (USA) Inc.*, Case No. 09-cv-1342, 2011 U.S. Dist. LEXIS 149111, at *8 (S.D.N.Y. Sept. 16, 2011), R&R adopted, 2011 U.S. Dist. LEXIS 148538 (S.D.N.Y. Dec. 27, 2011). *See also Alcon Vision, LLC v. Lens.Com, Inc.*, Case No. 18-cv-407, 2023 U.S. Dist. LEXIS 208695, at *15-16 (E.D.N.Y. Nov. 21, 2023). Based upon this Court's discretion, the Fee App will be reduced by 5% for vagueness.

### B. Lumping

Block billing is shorthand for "the practice of lumping multiple distinct tasks into a single billing entry" and "is generally disfavored." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022). Like vague entries, block billing is problematic because it can "meaningfully cloud[] a reviewer's ability to determine the projects on which significant legal hours were spent" and make it difficult or impossible "for a court to determine the reasonableness of the hours expended." *Chrysafis v. Marks*, 21-cv-2516, 2023 U.S. Dist. LEXIS 168718, at *8 (E.D.N.Y. Sept. 21, 2023*). See Top Jet Enters., Ltd. v. Kulowiec*, Case No. 21-mc-789, 2022 U.S. Dist. LEXIS 73337, at *5 (S.D.N.Y. Apr. 21, 2022). *See also Alcon Vision, LLC*, 2023 U.S. Dist. LEXIS 208695, at *15-16. As with the vague entries, this Court reduces the total fee awarded by 5%.[23] All approved fees will thus

---

[23] Bankruptcy Courts often discount a fee-application by percentages because:

-14-

be reduced by 10% (5% for each vagueness and lumping for a total of 10%). The Court will also approve all requested expenses.

Total Approved Fees $35,473.00 x 10% = $3,457.30 = $31,925.70

Total Approved Expenses $507.07.

## CONCLUSION

For all the reasons stated, MSB is awarded a total fee of $31,925.70 and $507.07 in expenses. All other requests in the Fee App are denied.

Dated: March 10, 2025
Albany, New York

/s/ Robert E. Littlefield, Jr.
Hon. Robert E. Littlefield, Jr.
United States Bankruptcy Judge

---

Across the board percentage cuts in the fees claimed are routinely utilized so that courts do not misuse their time "set[ting] forth item-by-item findings concerning what maybe countless objections to individual billing items." *McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *Williamsburg Fair Housing Committee v. The New York City Housing Authority*, 2007 U.S. Dist. LEXIS 11328, at *5 (S.D.N.Y. February 14, 2007); *Daiwa Special Asset Corp.*, 2002 U.S. Dist. LEXIS 23073, at *2 (citing *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). *See also In re Poseidon Pools of America*, 180 BR. at 751; *In re Navis Realty, Inc.*, 126 B.R. at 144; *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 706 (Bankr. N.D. Ill. 1991) *In re Poseidon Pools of America*, 180 BR. at 751; *In re Navis Realty, Inc.*, 126 B.R. at 144; *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 706 (Bankr. N.D. Ill. 1991).

*In re Baker*, Case No. 1-01-24277, 2010 Bankr. LEXIS 151, at *7 (Bankr. E.D.N.Y. Jan. 11, 2010).